# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ROSENDO VASQUEZ,

    *Petitioner*,

vs.

ISIDRO BACA, *et al.,*

    *Respondents*.

3:17-cv-00420-HDM-WGC

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the Court for initial review. The filing fee has been paid.

Following initial review, it appears that the Court lacks jurisdiction over the petition because it constitutes a successive petition. Petitioner therefore will be directed to show cause why the petition should not be dismissed without prejudice for lack of jurisdiction.

Petitioner Rosendo Vasquez seeks to set aside his April 26, 2007, Nevada state judgment of conviction, pursuant to a guilty plea, of three counts of attempted lewdness with a child under the age of fourteen, in No. C229752 in the state district court.[1]

Petitioner previously sought federal habeas relief in this Court challenging the same April 26, 2007, judgment of conviction in No. C229752 in *Vasquez v. Lovelock Correctional*

---

[1] The Court takes judicial notice of its records in the prior action filed in this Court by petitioner as well as of the online docket records of the Eighth Judicial District Court for the State of Nevada. *E.g., Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012). The online docket records of the state district court may be accessed from:

https://www.clarkcountycourts.us/Anonymous/default.aspx

1  *Center Warden*, No. 2:09-cv-00834-LDG-RJJ. The Court dismissed that prior petition on the
2  merits on October 8, 2010; and petitioner did not file an appeal.

3  Review of the state district court's online docket sheet reflects that there have been no
4  intervening amended or corrected judgments of conviction filed in that court subsequent to
5  the April 26, 2007, judgment.

6  Petitioner asserts in response to the pertinent inquiry incorrectly that the present
7  petition is his first federal petition. He thus does not reflect that he has obtained permission
8  to file a successive petition from the Court of Appeals. (ECF No. 1-1, at 2.)[2]

9  The claims in the current petition clearly challenge the same April 26, 2007, judgment
10  of conviction that petitioner challenged in the prior petition.[3]

11  Under 28 U.S.C. § 2244(b)(3), before a second or successive petition is filed in the
12  federal district court, the petitioner must move in the court of appeals for an order authorizing
13  the district court to consider the petition. A federal district court does not have jurisdiction to
14  entertain a successive petition absent such permission. *E.g., Burton v. Stewart*, 549 U.S.
15  147, 149 & 152-53 (2007). In the present petition, petitioner seeks to challenge the same
16  judgment of conviction that he previously challenged in No. 2:09-cv-00834. The present
17  petition constitutes a second or successive petition because that prior petition was dismissed
18  on the merits. *See, e.g., Henderson v. Lampert*, 396 F.3d 1049, 1052-53 (9th Cir. 2005).
19  Petitioner accordingly must show cause why the petition should not be dismissed for lack of
20  jurisdiction as a successive petition.

---

[2]Petitioner is cautioned that making a false statement in a petition signed pursuant to a declaration under penalty of perjury may subject petitioner to prosecution for perjury. Further, the Court may refer the matter to correctional authorities for possible disciplinary proceedings for making a false statement to a court.

[3]To the extent that petitioner seeks to do so indirectly in Grounds 1 and 2 by instead claiming error in the state court judgments denying state post-conviction review, the Court does not have jurisdiction over such claims. The Court has jurisdiction under 28 U.S.C. § 2254 only over a collateral challenge to a state court judgment of conviction. The Court otherwise does not have jurisdiction to entertain collateral attacks on other types of judgments; and a federal district court does not exercise appellate jurisdiction over the state courts. Accordingly, claims of procedural error in state post-conviction proceedings are not cognizable in a federal habeas corpus proceeding, even when such claims are based on the federal constitution. *See, e.g., Franzen v. Brinkman*, 877 F.2d 26 (9th Cir. 1989).

1    IT THEREFORE IS ORDERED that the Clerk of Court shall file the petition[4] and that,
2 within thirty (30) days of entry of this order, petitioner shall SHOW CAUSE in writing why the
3 petition should not be dismissed for lack of jurisdiction as a successive petition. If petitioner
4 does not timely respond to this order, the petition will be dismissed as a successive petition
5 without further advance notice. If petitioner responds but fails to demonstrate that the petition
6 is not subject to dismissal as a successive petition, the action will be dismissed.
7    IT IS FURTHER ORDERED that all assertions of fact made by petitioner in response
8 to this show-cause order must be detailed, must be specific as to time and place, and must
9 be supported by competent evidence. The Court will not consider any assertions of fact that
10 are not specific as to time and place, that are not made pursuant to a declaration under
11 penalty of perjury based upon personal knowledge, and/or that are not supported by
12 competent evidence filed by petitioner in the federal record. Petitioner thus must attach copies
13 of all materials upon which he bases his argument that the petition should not be dismissed
14 as a successive petition. Unsupported assertions of fact will be disregarded.
15    DATED:   October 3, 2017.

_____
HOWARD D. MCKIBBEN
United States District Judge

---

[4] Nothing herein suggests that the petition is free of other deficiencies, including, but not limited to untimeliness under 28 U.S.C. § 2244(d).