# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ROSENDO VASQUEZ,

    *Petitioner*,

vs.

ISIDRO BACA, *et al.,*

    *Respondents*.

3:17-cv-00420-HDM-WGC

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the Court on a *sua sponte* inquiry as to whether the petition should be dismissed as a successive petition. This order follows upon the Court's earlier show-cause order and petitioner's response thereto. ECF Nos. 7 & 9.

### *Background*

Petitioner Rosendo Vasquez seeks to set aside his April 26, 2007, Nevada state judgment of conviction, pursuant to a guilty plea, of three counts of attempted lewdness with a child under the age of fourteen, in No. C229752 in the state district court.[1]

Petitioner previously sought federal habeas relief in this Court challenging the same April 26, 2007, judgment of conviction in No. C229752 in *Vasquez v. Lovelock Correctional*

---

[1] The Court takes judicial notice of its records in the prior action filed in this Court by petitioner as well as of the online docket records of the Eighth Judicial District Court for the State of Nevada. *E.g., Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012). The online docket records of the state district court may be accessed from:

https://www.clarkcountycourts.us/Anonymous/default.aspx

1 *Center Warden*, No. 2:09-cv-00834-LDG-RJJ. The Court dismissed that prior petition on the
2 merits on October 8, 2010; and petitioner did not file an appeal.

3 Review of the state district court's online docket sheet reflects that there have been no
4 intervening amended or corrected judgments of conviction filed in that court subsequent to
5 the April 26, 2007, judgment.

6 The claims in the current petition clearly challenge the same April 26, 2007, judgment
7 of conviction that petitioner challenged in the prior petition.[2]

8 Petitioner has not obtained authorization from the Court of Appeals to file a second or
9 successive petition.

## *Discussion*

11 Under 28 U.S.C. § 2244(b)(3), before a second or successive petition is filed in the
12 federal district court, the petitioner must move in the court of appeals for an order authorizing
13 the district court to consider the petition. A federal district court does not have jurisdiction to
14 entertain a successive petition absent such permission. *E.g., Burton v. Stewart*, 549 U.S.
15 147, 149 & 152-53 (2007).

16 In the present petition, petitioner seeks to challenge the same judgment of conviction
17 that he previously challenged in No. 2:09-cv-00834. The present petition constitutes a second
18 or successive petition because that prior petition was dismissed on the merits. *See, e.g.,*
19 *Henderson v. Lampert*, 396 F.3d 1049, 1052-53 (9th Cir. 2005).

20 In his show-cause response, petitioner concedes that the current petition is a
21 successive petition. (ECF No. 9, at 4, lines 9-10.) To the extent that petitioner references 28
22 U.S.C. § 2244(b)(2)(B) as a potential basis for authorizing pursuit of a successive petition, he

---

[2] To the extent that petitioner seeks to do so indirectly in Grounds 1 and 2 by instead claiming error in the state court judgments denying state post-conviction review, the Court does not have jurisdiction over such claims. The Court has jurisdiction under 28 U.S.C. § 2254 only over a collateral challenge to a state court judgment of conviction. The Court otherwise does not have jurisdiction to entertain collateral attacks on other types of judgments; and a federal district court does not exercise appellate jurisdiction over the state courts. Accordingly, claims of procedural error in state post-conviction proceedings are not cognizable in a federal habeas corpus proceeding, even when such claims are based on the federal constitution. *See, e.g., Franzen v. Brinkman*, 877 F.2d 26 (9th Cir. 1989).

must present any such argument to the Court of Appeals in the first instance via an application to that court for authorization to file a second or successive petition.[3] See 28 U.S.C. § 2244(b)(3)(A) & (C). His remaining arguments – such as those relying upon his lay status or pertaining to the application of other procedural bars – do not provide a basis for considering a successive petition under § 2244(b)(2); and to any *arguendo* extent that they are relevant, they also must be presented to the Court of Appeals in the first instance.

IT THEREFORE IS ORDERED that this action shall be DISMISSED without prejudice for lack of jurisdiction as a successive petition.

IT FURTHER IS ORDERED, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, that the Clerk of Court shall make informal electronic service upon respondents by adding Nevada Attorney General Adam P. Laxalt as counsel for respondents and directing a notice of electronic filing of this order to his office, that the Clerk shall direct regenerated notices of electronic filing of the prior filings herein to the attorney general, and that counsel shall file a notice of appearance within twenty-one (21) days of entry of this order. **No other response is required from respondents other than to respond to any orders of a reviewing court.**

IT IS FURTHER ORDERED that a certificate of appealability is DENIED. Jurists of reason would not find the district court's dismissal of the successive petition without prejudice to be debatable or wrong, for the reasons discussed herein.

---

[3]The Court notes with regard to § 2244(b)(2)(B) that petitioner neither identifies any specific factual predicate that could not have been discovered previously through reasonable diligence nor comes forward with evidence of actual factual innocence as opposed to argument as to alleged constitutional violations. See, e.g. ECF No. 9, at 6-7 ("Petitioner does not challenge his innocence nor guilt . . . .").

Petitioner maintains that he is unable to access the state court online docket website referenced in the Court's orders. The purpose of the Court's citation is to identify for any reviewing court the source of the material of which the Court has taken judicial notice. The Court's ability to take judicial notice of the docket records of other courts is not cabined by state corrections department restrictions on inmate web access.

Petitioner requests that he be given an opportunity to seek authorization to file a successive petition. Leave of the district court is not required for petitioner to apply to the Court of Appeals for authorization to file a second or successive petition. However, petitioner first must obtain such authorization before filing a successive petition in the district court. 28 U.S.C. § 2244(b)(3)(A).

1  The Clerk further shall SEND petitioner a copy of the petition, order of dismissal and
2  judgment (ECF Nos. 1, 11 & 12) from 2:09-cv-00834-LDG-RJJ with this order.
3  The Clerk shall enter final judgment accordingly, dismissing this action without
4  prejudice.
5  DATED: November 22, 2017.

_____
HOWARD D. MCKIBBEN
United States District Judge